UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
STOWE, LLC d/b/a CAVANAGH BAKER,

Plaintiff,

- against -

MAEGAN CAMPBELL and MAEGAN CAMPBELL, LLC,

Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**

24-cv-04478 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is plaintiff Stowe, LLC's ("plaintiff") motion for default judgment against defendants Maegan Campbell and Maegan Campbell, LLC (together, "defendants"). ECF No. 58.

Under Federal Rule of Civil Procedure 54(c) "[a] default judgment must not differ in kind, or exceed in amount, what is demanded in the pleadings." Said differently, "[w]hen the judgment entered is a default judgment, the pleadings control the relief that may be awarded, both as to the kind of relief and its scope . . . A default judgment that impermissibly grants relief beyond the pleadings is void and may be set aside under Rule 60(b)(4)." 10 Moore's Federal Practice, § 54.71[1] (Matthew Bender 3d Ed.). Accordingly, courts in this Circuit, "limit[] damages to what is specified in the 'demand for judgment'" in the complaint and a "generic request for 'such other and further relief which this Court deems just and proper'" is insufficient to defeat the

constraints of Rule 54(c). Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007). "Essentially, a defaulting party must have been given notice of the damages sought 'before the decision to default' and such notice must 'be evident from the face of the complaint.'" Garcia v. J&L Construction LLC, 2026 WL 789496, at *6 (S.D.N.Y. Jan. 26, 2026) (quoting Microban Prods. Co. v. Iskin Inc., 2016 WL 4411349, at *4 (S.D.N.Y. Feb. 23, 2016), R&R Adopted, 2016 WL 4411414 (S.D.N.Y. Aug. 18, 2016)). These requirements are necessary because "the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award." Silge, 510 F.3d at 159 (quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2663 (1998)).

In this case, beyond a handful of references to certain costs and lost sales, plaintiff's Amended Complaint does not request an award of a sum certain, instead seeking generally, "(i) actual and consequential damages; (ii) punitive damages; (iii) attorneys['] fees; (iv) interest; and (v) any such other future relief as this

Court may deem just and proper." ECF No. 34 at 15.[1] Further, the declarations submitted in support of the instant motion do not cure the failure to specify the damages sought in plaintiff's complaint. "[A] defaulting party must have been given notice of the damages sought 'before the decision to default,' and such notice must 'be evident from the face of the complaint.'" See Garcia, 2026 WL 789496, at *6.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for default judgment is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 58.

Dated: October 7, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

[1] Additionally, all but one Count in plaintiff's complaint alleges that plaintiff was damaged, injured, or "suffered losses to the overall value of their business" "in an amount to be determined to trial." ECF No. 34 ¶¶ 58, 67, 79, 86, 93, 101, 107 (Counts One, Two, and Four through Eight). Plaintiff's other claim, Count Three, is similarly vague, alleging that "Plaintiff has also suffered a loss of business sales and future profits." Id. ¶ 74.